# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

JUNE TERM, 1886.

---

STATE, EX REL. HENRY H. YARD, v. THE BOROUGH COM-
MISSION OF OCEAN BEACH, CHARLES H. THOMPSON
ET AL.

1. The act entitled "An act for the formation of borough commissioners"
   prescribes that the chosen freeholder shall call a special election, upon
   a petition being presented to him, signed by owners of at least one-
   tenth in value of the lands to be embraced in the projected borough.
   *Held,* that the provision requires that the petitioners be such owners
   at the time of presenting the petition.
2. When specifications of the grounds of objection are subjoined to a de-
   murrer, the party demurring will, at the argument, be confined to
   such grounds.

---

On *quo warranto.* On demurrer to pleas.

Argued at February Term, 1886, before BEASLEY, CHIEF
JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the demurrant, *William H. Vredenburgh.*

*Contra, John H. Stewart.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The question is whether the plea filed to this information is good.

The information shows that the defendants attempted to organize themselves into a municipal corporation under the act entitled "An act for the formation of borough commissioners," approved March 7th, 1882, and the supplement thereto, approved April 17th, 1884.   These acts prescribe a certain method to be adopted in the formation of these municipalities, and section 2 of the former act says " that it shall be the duty of the chosen freeholders, &c., of any township in which it is proposed to constitute a borough under this act, upon presentation to him of a petition for that purpose, setting forth the boundaries of the proposed borough, signed by persons owning at least one-tenth in value of the taxable real estate in the limits of the proposed borough, as the same appears upon the assessor's duplicate of the township, to call a special election," &c.

The information in the present case alleges that the petition made use of in the proceedings to incorporate the defendants " was not signed by persons owning at least one-tenth in value of the taxable real estate in the limits of the proposed borough, as the same appears upon the assessor's duplicate," &c.

In their amended plea, in an apparent endeavor to traverse this averment, the defendants say "that the petitioners who signed the petition, &c., were, in the year 1884, at the time of the said year when the annual assessments for taxes were made in the township, &c., the owners of the real estate situated in the then proposed borough limits, which real estate was then assessed to them for taxes thereon as such owners, and that by virtue of such ownership and assessments their several names appear on the duplicate of the assessor of taxes of said

township, &c., in said year A. D. 1884, to the values set oppo-site their respective names in said duplicate."

This traverse is manifestly insufficient. It does not consti-tute an effective issue. The statute requires that the petition, which is the foundation of the formative procedure, be signed by persons owning one-tenth in value of the taxable real estate in the limits of the proposed borough, as the same appears upon the duplicate." It is clear that the ownership thus referred to signifies an ownership existing at the time of presenting the petition, the evident purpose of the lawmakers being to give the right to inaugurate the procedure requisite to the creation of the corporate body to a certain specified portion of the inhabitants having a present interest as owners in the district to be embraced in the projected municipality. Such a prerogative could not have rationally been conferred on persons who, having once been possessed of such an inter-est, had divested themselves of it. And yet it is upon this latter notion that this plea is based, as its allegation is, not that the petitioners, at the time of moving in the matter, were land-owners, but that they had been such at the time of the year when the annual assessments for taxes were made, a period that had no relation to the time of presenting their petition. Such a statement is no answer to the averment of the information that it undertakes to confront.

As the pleadings stand, the relator is entitled to judgment.

With regard to the topic involving the question as to the alleged unconstitutionality of this statute, it suffices to say that the court does not deem such discussion now in place. The relator has annexed to his demurrer specifications of the grounds on which it was to be rested, and a demurrer in this form cannot, in the practice of the courts of this state, be treated as it was at common law, both as a general and special demurrer, as the latter form of pleading has been abrogated by statute. The consequence is that this must be treated as a general demurrer only, having a notice affixed to it assign-ing the reasons to be urged in its support, and so formal a notification made upon the record must estop the party from

departing from it. If a specification had not accompanied the demurrer the defendants would have been entitled, by force of the statute, to demand such specification which would have conclusively limited the range of objections, and we think that this voluntary proffer of the particulars of exception must have the same effect. The defendants will be permitted to amend their plea.